UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TROY CAMPBELL,

          Plaintiff,          Case No. 13-cv-12477

v.          Honorable Thomas L. Ludington

WELLS FARGO BANK,

          Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, AND DISMISSING IN PART PLAINTIFF'S COMPLAINT**

Both parties filed objections to a Report and Recommendation issued in this case by Magistrate Judge Binder on February 20, 2014. The case was originally referred to Judge Binder on August 9, 2013, ECF No. 4, after being removed to federal court on June 6, 2013. ECF No. 1. In his complaint Campbell alleged one count of breach of contract and one count of fraud. *Id*. He claimed that he and Wells Fargo entered into a forbearance agreement ("Agreement") that precluded Wells Fargo from foreclosing on his home. When it did, he alleged, it breached the Agreement. *Id*. He further claimed that Defendant fraudulently conducted the foreclosure procedure under Michigan law, thus voiding the foreclosure. *Id*.

Defendant Wells Fargo filed a motion to dismiss on September 30, 2013. ECF No. 7. Plaintiff Campbell filed his response on October 28, 2013, ECF No. 9, with Defendant replying on November 15, 2013. ECF No. 11. Defendant alleged in their motion that Campbell failed to state a claim on which relief may be granted. The motions were referred to Judge Binder for consideration.

On February 20, 2014, Judge Binder issued a Report and Recommendation on the motion. ECF No. 12. In the R & R Judge Binder recommended that Defendant's motion be granted and Plaintiff's complaint dismissed. He concluded that the Agreement was unenforceable and therefore did not restrict Wells Fargo's ability to foreclose on the mortgage. *Id*. at 8-9. Accordingly, he recommended that Campbell's breach of contract claim should be dismissed. *Id*. Judge Binder also recommended that Plaintiff's fraud claims be dismissed for two reasons. First, Judge Binder suggested that Campbell "has not alleged facts that could satisfy the elements of a fraud claim." *Id*. at 12. Second, he suggested that, because the Agreement was invalid, Campbell could not "show fraud or irregularity in the foreclosure process that would provide Plaintiff with standing or the ability to challenge the foreclosure process." *Id*. at 9. For that reason Judge Binder recommended that Campbell's statutory fraud claims also be dismissed. *Id*.

Both parties filed objections to the R & R within the fourteen (14) day period. See ECF Nos. 14-15. Wells Fargo also filed a reply to Campbell's objections. ECF No. 16. Campbell objected that Judge Binder gave insufficient consideration to his two fraud claims. ECF No. 14. Wells Fargo, however, agreed with Judge Binder's recommendation to dismiss the breach of contract claim but objected to the suggestion that the Agreement was invalid. ECF Nos. 15, 16. Because Plaintiff states a claim for breach of the Forbearance Agreement, Judge Binder's Report and Recommendation will be rejected. Plaintiff does not, however, state a cognizable claim with respect to his statutory allegations. Judge Binder's Report and Recommendation will be adopted with respect to those counts and the portions of Plaintiff's complaint relating to his statutory allegations will be dismissed.

**I.**

Plaintiff Campbell's property is located at 1509 Ohio Street, Midland, Michigan. ECF No. 1, Compl. at 11. Campbell purchased the property with a loan from CTX Mortgage Co., LLC, for $86,609.00, secured by a mortgage, on November 9, 2005. ECF No. 7, Def. Mot. Ex. 1. CTX Mortgage Co., LLC, assigned the mortgage to Defendant Wells Fargo Bank on January 31, 2012 through nominee Mortgage Electronic Registration Systems. *Id.*, Ex. 3. Under the terms of the note, Campbell was to make monthly payments of $540.33 to the holder, Wells Fargo. *Id.*, Ex. 2. The mortgage also provided in paragraph 11 that "[a]ny forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude exercise of any right or remedy." ECF No. 7, Def. Mot. Ex. 1.

**A.**

In 2012 Plaintiff lost his job. ECF No. 1, Ex. 2 at ¶4. He then contacted a representative of Wells Fargo informing them of his circumstance and his resulting inability to pay. *Id.* Campbell "asked for some help and some relief." *Id.* Eventually, Campbell fell delinquent on his mortgage payments for seven (7) months leading to a past due amount of $5,254.92. ECF No. 7, Def. Mot. Ex. 4.

**B.**

On April 26, 2012, Campbell signed a "Forbearance Agreement" furnished to him on Wells Fargo letterhead on April 11, 2012. *Id.* According to Wells Fargo "[t]he purpose of the Forbearance Agreement was to provide a period for [Plaintiff] to determine how [he] can resolve or improve [his] financial situation." ECF No. 7, Def. Mot. Br. at 3 (internal quotation marks omitted). Wells Fargo alleges that "[b]y offering the Forbearance Agreement, Wells Fargo did not agree to forbear foreclosure[.]" ECF No. 16, Def. Reply to Objections at 5.

Campbell believed that "the Defendant would not foreclose as long as Plaintiff was making his payments as scheduled in the forbearance agreement." ECF No. 1, Ex. A at ¶13. The Agreement provided Campbell a five month payment schedule and contemplated payments of $493.51 per month. ECF No. 7, Def. Mot. Ex. 4. The first payment date was May 1, 2012 with the following dates spaced out monthly until the final payment date of September 1, 2012. *Id*. Both parties agree that Campbell timely made payments under this schedule. The Forbearance Agreement also provided that "upon completion of this plan you will still owe us an estimated amount of $6,373.27." *Id*.

## C.

Defendant, however, began foreclosure by advertisement proceedings on May 10, 2012—less than a month after it sent Campbell the Forbearance Agreement. ECF No. 7, Def. Mot. Br. at 4. Wells Fargo published notices of foreclosure in the Midland Daily News on May 10, 17, 24, and 31 of 2012 but continued to accept Campbell's payments pursuant to the forbearance agreement. *Id*. Wells Fargo also had a Sheriff's Deputy post a copy of the notice of foreclosure at the property on May 19, 2012. ECF No. 7, Def. Mot. Exs. 5, 6. Plaintiff contends that this notice was never posted on his property and that the "posting that was filed at the Register of Deeds is void on its face having been signed on May 14, 2012, attesting to the fact that a posting occurred on May 19, 2012, which would not be possible." ECF No. 1, Ex. A.

A sheriff's sale of Campbell's property was conducted on October 23, 2012 at which Wells Fargo purchased the property. ECF No. 7, Def. Mot. Ex. 5. Wells Fargo received and recorded a Sheriff's Deed on October 31, 2012. *Id*. Campbell was provided a six month redemption period to retain title to his property. *Id*. That period expired on April 23, 2013. Both sides agree that Campbell did not attempt to exercise his redemption right. On April 22, 2013,

one day before expiration of the redemption period, Campbell filed suit against Wells Fargo in Midland County Circuit Court challenging the foreclosure and sale. ECF No. 1, Ex. A at 3.

## II.

### A.

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### B.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record.

### III.

Both parties, as noted above, raise objections to Judge Binder's Report and Recommendation. First, Plaintiff objects that his claims that Defendant Wells Fargo violated MCL §§ 600.3204 and 3205 were not properly considered. Second, Defendant Wells Fargo, despite agreeing with the ultimate conclusion reached in the R & R, objects to the conclusion that there was a promise to forbear foreclosure in the Agreement and that the Agreement was invalid. Because the validity of the Agreement is a predicate to all of Campbell's claims that will be the first subject to be considered.

### A.

On April 11, 2012, Campbell and Wells Fargo entered into the Agreement that forms the core of this litigation. Campbell alleges that the Agreement "is not only illusory, it is illegal." ECF No. 14, Pl. Obj. Br at 1. Defendant, on the other hand, contends that the agreement, which is labelled in bold "Forbearance Agreement" on Wells Fargo letterhead, is valid even though Wells Fargo did not promise to forbear from foreclosure. "Rather, the [F]orbearance [A]greement provides Plaintiff with 'a period . . . to determine how [he] can resolve or improve [his] financial situation'" while he continued to make the five payments requested by the

Forbearance Agreement. ECF No. 15, Def. Obj. Br. at 1. Wells Fargo is correct; the Agreement is enforceable and binding on both parties. The Agreement does not, however, have the effect that Wells Fargo suggests.

"In Michigan, the essential elements of a valid contract are (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Thomas v. Leja*, 468 N.W.2d 58, 60 (Mich. 1991) (citing *Detroit Trust Co. v. Struggles*, 286 N.W. 844 (Mich. 1939)). Consideration need not be more than a mere peppercorn, but it need be something. *See General Motors Corp. v. Dep't of Treasury*, 644 NW2d 734 (Mich. 2002).

Defendant asserts, contrary to Judge Binder's Report, that the forbearance agreement did have valid consideration but that consideration was a period for Campbell to figure out his finances, not forbearance from foreclosure. For proof of this assertion it points to the Terms and Conditions attached to the Agreement. Paragraph 4 of the agreement states, as Wells Fargo correctly emphasizes, that "Wells Fargo Home Mortgage, at its option, may institute foreclosure proceedings according to the terms of the note and security instrument without regard to this agreement." ECF No. 7, Def. Mot. Dismiss, Ex. 4.

But it is also true that Paragraph 1 of the Terms and Conditions provides: "The indebtedness of the referenced loan is in default *and in consideration of extending forbearance for a period of time*, it is necessary that you indicate your understanding and acceptance of the terms of the forbearance agreement by immediately signing and returning this agreement." *Id*. (emphasis added). The terms are clear: the consideration for the Forbearance Agreement is forbearance.

Wells Fargo's effort to read Paragraph 4 to simply reiterate that its right to foreclose is not forborne but remains in force during the term of the Forbearance Agreement is without merit. This reading would "violate[] the rules of contract construction because it renders multiple portions of the [Forbearance Agreement] nugatory." *Wells Fargo Bank, NA v. Cherryland Mall Ltd. P'ship*, 812 N.W.2d 799, 811-12 (Mich. Ct. App. 2011).

Furthermore, reading the Forbearance Agreement as providing Campbell time to "resolve or improve [his] financial situation" but not limit Wells Fargo's ability to foreclose the mortgage would, as Judge Binder found, be illusory. If references to "forbearance" in the Forbearance Agreement mean something, they must, as the definition of forbearance makes plain, mean forgoing "a right, obligation, or debt."

The Forbearance Agreement is valid because Wells Fargo exchanged its promise to forbear from foreclosure in exchange for Campbell's "payment agreement" included in the Forbearance Agreement. While Campbell's claim for breach of the Forbearance Agreement will proceed and Wells Fargo's Motion to Dismiss will be denied on that count, some brief attention should be paid to the fact that, notwithstanding Wells Fargo's alleged breach of the Forbearance Agreement, Campbell will still maintain extant obligations under the Forbearance Agreement and the mortgage. That is, Campbell was obligated to not only make the required five payments under the Forbearance Agreement, he was also obligated to pay the estimated amount of $6,373.27 and ultimately "bring the loan current" consistent with the terms of the promissory note and mortgage. Indeed, if Campbell could not meet its extant mutual obligations he too would be in breach of the Forbearance Agreement.

Thus, to the extent the Report and Recommendation finds the Forbearance Agreement to be illusory and unenforceable, the R&R will be rejected. At this stage, Plaintiff has satisfactorily

stated a claim for breach under the Forbearance Agreement and this claim will survive Defendant's Motion to Dismiss.

## B.

Plaintiff has two remaining objections. He objects to the dismissal of his fraud count on two grounds. First, he alleges that Judge Binder did not properly consider his claim that Wells Fargo violated MCL § 600.3204 and 3205. Second, he claims that Judge Binder did not properly consider the allegation that the deputy never posted the foreclosure notice to his door. Neither of Campbell's challenges to the manner Wells Fargo conducted the foreclosure sale have merit. Accordingly, the Report and Recommendation on these counts will be adopted, Campbell's objections overruled, and his complaint dismissed with respect to his statutory fraud claims.[1]

### 1.

Campbell first contends that "[t]he Defendant did not send any required notice to the Plaintiff prior to commencing foreclosure proceedings by advertisement." ECF No. 14, Pl. Obj. Br. at 2. Foreclosure by advertisement is governed by the Revised Judicature Act. MCL § 600.3204-05. Specifically, Campbell alleges a failure to comply with MCL § 600.3204. That section, however, references the notice requirements of § 600.3205 when setting out proper foreclosure by advertisement procedure. Thus, Plaintiff's claim that Judge Binder did not comply with § 600.3205a's notice requirement is simply a variation on the same objection.

The merits of Plaintiff's claim need not be reached, as the Report and Recommendation correctly suggests. The only remedies for a breach of this provision are statutory remedies. No common law remedies exist as a counterpart to the statutory remedies. *Attisha v. Cent. Mortgage*

---

[1] It should be noted that Campbell also makes a claim of fraud in the inducement which will not be dismissed as it depends on his breach of contract claim.

*Co.*, 314762, 2014 WL 3612706 (Mich. Ct. App. July 22, 2014). Two remedies exist for violations of the statute. First,

> . . . plaintiff had the option of bringing an action in circuit court to enjoin the foreclosure. See MCL 600.3205a(5). Likewise, if defendant failed to follow the requirements of MCL 600.3205b-c relating to calculation of loan modification eligibility, plaintiff's remedy was to file an action in circuit court to convert the foreclosure by advertisement to judicial foreclosure proceedings. *Id*.

Campbell did not bring either action. While he did move for an injunction in state court, it was at the close of the redemption period and long after the foreclosure sale had taken place. ECF No. 1, Def. Notice of Removal, Ex. 2. "Because the statute provided plaintiffs with their remedy, plaintiffs were forestalled from bringing the present action after the sheriff's sale had already taken place." *Buchanan v. Household Fin. Corp. III*, 311689, 2014 WL 575762 (Mich. Ct. App. Feb. 11, 2014).

Furthermore, as Judge Binder rightly pointed out, "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v. JP Morgan Chase Bank, NA*, 825 N.W.2d 329, 337 (2012). For a court to void a defective or irregular foreclosure, a "plaintiff must prove that she was prejudiced by the noncompliance with the statutory requirements." *Mitchell v. Mortgage Elec. Registration Sys., Inc.*, 309102, 2013 WL 3771219 at *2 (Mich. Ct. App. July 18, 2013). Campbell asserts in his response brief to Wells Fargo's motion to dismiss that "[m]ost people would consider losing their house as something that would be considered prejudicial." ECF No. 9, Pl. Resp. Br. at 1. While that may be true, it does not address the fact that Michigan law requires a "showing that [he] 'would have been in a better position to preserve [his] interest in the property absent [the] noncompliance with the statute.'" *Mitchell*, 2013 WL 3771219 at *2 (Mich. Ct. App. July 18, 2013) (quoting *Kim*, 825 N.W.2d 329, 337 (2012)). Campbell has not made this showing and his claims that the foreclosure violated Michigan foreclosure law will be dismissed and his objection overruled.

**2.**

Campbell's second objection is of the same character. He alleges that a notice of foreclosure was never posted to his door in compliance with the statute. This objection is subject to the same analysis as set forth above in § III.B.1. Because he has not shown that this alleged defect prevented him from preserving his interest in his property his objection will be overruled.

**IV.**

Accordingly, it is **ORDERED** that the Defendant Wells Fargo's objections (ECF No. 15, 16) are **OVERRULED**.

It is further **ORDERED** that Plaintiff Campbell's objections (ECF No. 14) are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation (ECF No. 12) is **ADOPTED in part** and **REJECTED in part**.

It is further **ORDERED** that Defendant Wells Fargo's Motion to Dismiss (ECF No. 7) is **DENIED** with respect to Count 1 and Plaintiff's contract-based claims in Count 2 and **GRANTED** with respect to Plaintiff's fraudulent foreclosure claims in count 2 to the extent they are based in alleged statutory foreclosure violations by Defendant.

It is further **ORDERED** that to the extent Plaintiff's complaint (ECF No. 1, Ex. A) relies on alleged statutory violations by Wells Fargo during foreclosure, those claims are **DISMISSED**.

Dated: March 23, 2015               s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge

- 12 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2015.

s/Suzanne M. Gammon
SUZANNE M. GAMMON